IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVION HERNDON, ) | |
| No. 87586, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00601-JPG |
| ) | |
| ROBERT HERTZ, ) | |
| JOHN LAKIN, ) | |
| SGT. DOVER, ) | |
| ROBERT HALLENBOCH, ) | |
| TIM WALKER, ) | |
| TONY COURT, ) | |
| MIKE HARE, ) | |
| CRAIG REICHART, ) | |
| GARY BOST, and ) | |
| RANDY YOUNG, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Travion Herndon is a pretrial detainee currently housed in the Madison County Jail. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the conditions of his confinement in Housing Unit B-North, which he contends pose a risk to his health and safety.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on multiple occasions between December 27, 2014, and April 27, 2015, raw sewage backed up into Housing Unit B-North, where Plaintiff Herndon is housed. The sewage overflowed from the toilets, into Plaintiff's cell and the entire cell block. Plaintiff had direct physical contact with raw sewage, and he had to endure the associated odors.

In response to the plumbing problem, the water was shut off. Plaintiff, however, was not provided with bottled drinking water or anything else to drink for approximately 24 hours. He was also not given cleaning supplies for up to 24 hours after the flooding, and on at least one occasion he was given only a broom and dustpan, but no mop or gloves. The 4-to-6 inch high line of mold that formed around the unit has not been scrubbed off. The adjoining officers' walkway was not immediately mopped after these flooding incidents, and when the unit flooded in April 2015, Lt. Hallenboch just swept the sewage from the officers' walkway into the cellblock.

Although the complaint makes several sweeping allegations regarding the defendants collectively being responsible for the conditions of Plaintiff's confinement, there are few allegations specific to particular defendants. However, there is an allegation that all ten named defendants were aware of the problems with raw sewage overflowing into the unit, the failure to clean and disinfect the area, and the mold problem.

Plaintiff contends the defendants have failed to provide him with sanitary housing, denied him due process and equal protection, and violated his rights under the First, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments. He seeks compensatory and punitive damages.

Based on the allegations in the complaint, the Court construes the complaint as asserting the following single, overarching claim.

> **Count 1:   Defendants subjected Plaintiff to conditions of confinement that violated the Fourteenth Amendment.**

Any other claims Plaintiff may have intended to assert should be considered dismissed without prejudice, as insufficiently pleaded under the *Twombly* standard. There are no allegations that Plaintiff was treated differently vis-a-vis anyone else, so there is no basis for a Fourteenth Amendment equal protection claim. Plaintiff's mere reference to the First, Fifth, Sixth, Eighth, and Thirteenth Amendments, without any allegations that would suggest claims under those constitutional provisions are insufficient. For example, the First Amendment pertains to freedom of speech and religion, and the ability to redress grievances; the Sixth Amendment pertains to criminal prosecutions; and the Thirteenth Amendment forbids slavery. Although the Fifth Amendment also contains a due process guarantee, it is the Fourteenth Amendment's due process guarantee that applies to state officials.

**Discussion**

Because Plaintiff is a pretrial detainee in the Madison County Jail, the sort of claims Plaintiff is alleging arise under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). Although the same legal standards *generally* apply under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners). *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

The Due Process Clause of the Fourteenth Amendment prohibits conditions of confinement for pretrial detainees that amount to punishment. *Board v. Farnham,* 394 F.3d 469, 477 (7th Cir. 2005).[1] Leaving a person in 4-to-6 inches of raw sewage, and without anything to drink sufficiently implicates the Fourteenth Amendment.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Because personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983

---

[1] The Court will not expound regarding the mental state required for liability to attach, except to observe that it is possible to infer from the complaint that each defendant acted knowingly and deliberately. In *Kingsley v. Hendrickson*, __S.Ct.__, __U.S.__, 2015 WL 2473447 (Jun. 22, 2015), the Supreme Court ruled just days ago that a pretrial detainee's Fourteenth Amendment due process claim regarding the use of excessive force turned on the objective reasonableness of the use of force. However, the high court specifically declined to decide whether such an objective standard might suffice in a case involving mistreatment of a detainee, as the defendants in that case did not dispute that they had acted purposefully or knowingly. Nevertheless, the *Kingsley* Court noted that an objective standard had been applied in *Bell v. Wolfish*, 441 U.S. 520, 541-43 (1979), relative to a variety of prison conditions, including double-bunking. *Kingsley*, 2015 WL 2473447 at *5-6. *Bell* did not specifically state that an objective standard applied; rather, the *Kingsley* Court characterized the "rationally related" and "appears excessive in relation to a legitimate nonpunitive governmental purpose" standards as being objective.

actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Allegations that senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations can, however, suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). "Supervisory liability will be found … if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

As noted in the synopsis of the complaint, Plaintiff makes several sweeping allegations regarding the defendants collectively being responsible for the conditions of his confinement, and there are few allegations specific to particular defendants. However, there is an allegation that all ten named defendants were aware of the problems with raw sewage overflowing into the unit, the lack of anything to drink, the failure to clean and disinfect the area, and the mold problem. That allegation against all ten defendants, and the fact that an entire unit and the officers' walkway were flooded with raw sewage (something that would seem hard to ignore or be unaware of), satisfy the *Twombly* pleading standard relative to individual involvement.

Count 1, the Fourteenth Amendment due process claim shall proceed against all ten defendants.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's Fourteenth Amendment claim, **COUNT 1** shall **PROCEED** against Defendants **ROBERT HERTZ, JOHN**

**LAKIN, SGT. DOVER, ROBERT HALLENBOCH, TIM WALKER, TONY COURT, MIKE HARE, CRAIG REICHERT, GARY BOST and RANDY YOUNG**.

The Clerk of Court shall prepare for Defendants **ROBERT HERTZ, JOHN LAKIN, SGT. DOVER, ROBERT HALLENBOCH, TIM WALKER, TONY COURT, MIKE HARE, CRAIG REICHERT, GARY BOST and RANDY YOUNG**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  Consequently, Plaintiff's motion for service of process at government expense (Doc. 3) is **DENIED AS MOOT**.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 24, 2015**

<u>*s/J. Phil Gilbert*</u>
**United States District Judge**